**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                    No. CV 13-0846 RB/LFG
                                                     CR 11-0918 RB

CARLOS TITUS GIBSON,

      Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>
<u>DENYING EXTENSION OF TIME</u>

      This matter is before the Court on a letter-motion from Defendant (CV Doc. 1; CR Doc. 35) filed September 5, 2013, asking for an extension of time to file a motion under 28 U.S.C. § 2255. The Clerk opened a civil case to accommodate the possible filing of a § 2255 motion. For reasons set out below, the Court will deny the motion.

      Defendant's request seeks relief from the one-year limitations period in § 2255. *See United States v. Gabaldon*, 522 F.3d 1121, 1123 (10th Cir. Apr. 16, 2008). As the Court of Appeals for the Tenth Circuit has stated, "Congress has expressly limited the time in which a prisoner can bring a § 2255 motion to one year after his conviction becomes final, and any extension of this time period contravenes Congress' clear intent to accelerate the federal habeas process." *Washington v. United States*, No. 99-3383, 2000 WL 985885, at **2 (10th Cir. July 18, 2000) (denying tolling for inability to obtain transcripts); *and cf. Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (denying tolling for lack of access to legal materials).

      According to the letter-motion and an attachment, Defendant has been held in lockdown and has not received his legal materials since he arrived at his current place of incarceration on July 22, 2013. "The mere fact of a prison lockdown, moreover, does not qualify as extraordinary absent some

additional showing that the circumstances prevented him from timely filing his habeas petition. Likewise, we consider a prisoner's confinement in administrative segregation to be an extraordinary circumstance 'only where the prisoner has shown that despite his segregated confinement he diligently pursued his habeas claims and his confinement prevented him from filing on time.' " *Phares v. Jones*, 470 F. App'x 718, 719 (10th Cir. 2012) (citations omitted).  Furthermore, although the statutory limitation period in § 2255 may be subject to tolling, *cf. United States v. Glover*, No. 97-5158, 1998 WL 453674 (10th Cir. Aug. 5, 1998); *Miller v. Marr*, 141 F.3d at 978 (limitation period in § 2244(d) subject to equitable tolling), *cert. denied*, 119 S. Ct. 210 (1998); *cf. Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir.), *reh'g and reh'g en banc denied* (1998), a tolling question is not ripe for decision before the initiating pleading is filed.  *See, e.g., United States v. Verners*, 49 F. App'x 803, 805 (10th Cir. 2002).  No opinion is expressed or implied herein concerning the expiration date of the one-year limitation period applicable to Defendant's conviction.  Defendant's motion provides no basis for the relief he seeks.

Furthermore, the Court will not construe Defendant's motion as a § 2255 motion.  "[T]he denial by the district court of . . . [, e.g.,] a motion for leave to file a petition for the writ . . . would constitute an appealable case.  This does not imply, however, that the [Defendant's § 2255] case has been initiated by the filing of such a preliminary motion."  *Williams v. Coyle*, 167 F.3d 1036, 1040 (6th Cir. 1999), *quoted in Moore v. Gibson*, 195 F.3d 1152, 1163 (10th Cir. 1999) ("[A] case is pending under AEDPA only upon the filing of a petition for writ of habeas corpus.").  An exception to this rule exists "[w]here a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255."  *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001).  Here, Defendant's letter motion contains no such allegations.  The Court will deny

2

Defendant's letter-motion for extension of time without prejudice to his filing a § 2255 motion.

IT IS THEREFORE ORDERED that Defendant's letter-motion (CV Doc. 1; CR Doc. 35) filed September 5, 2013, asking for an extension of time to file a motion under 28 U.S.C. § 2255 is DENIED; the Clerk is directed to send Defendant a form § 2255 motion; and the civil case will remain open pending further order of the Court.

_____
UNITED STATES DISTRICT JUDGE