IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                             CV 13-846 RB/WPL
                                                                       CR 11-918 RB

CARLOS TITUS GIBSON,

      Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (CV Doc. 12; CR Doc. 45)[1] and Carlos Titus Gibson's timely objections thereto (CV Doc. 13; CR Doc. 46). The PFRD recommended dispositions as to Gibson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (CV Doc. 3; CR Doc. 37.) The United States did not file any objections or any response to Gibson's objections.

The essence of Gibson's objections is that he is entitled to equitable tolling of the deadline to file his § 2255 motion because he did not have access to the law library during an institutional lockdown and his "numerous request[s] of staff (including [his] counselor) for a [§] 2255 application" were denied during that period. (*See* CV Doc. 13 at 2.) These objections are an almost verbatim restatement of arguments that Gibson raised in his reply brief (*see* CV Doc. 9 at 2; CR Doc. 43 at 2) and that the Magistrate Judge considered and rejected in the PFRD (*see* CV

---

[1] All citations to "CV Doc." refer to documents filed in the civil case, CV 13-846 RB/WPL. All citations to "CR Doc." refer to documents filed in the criminal case, CR 11-918 RB. After initial citations, the Court cites to documents filed in both cases by reference to the corresponding document in the civil case.)

Doc. 12 at 3, 6-12). Having fully reviewed the matter de novo, the Court finds no error in the Magistrate Judge's analysis. Accordingly, Gibson's objections are overruled.

Several weeks after the deadline for objections had passed, Gibson also filed an "Affidavit," made under penalty of perjury, in which he apparently purports to address several factors raised by the Magistrate Judge in his PFRD. (CV Doc. 14; CR Doc. 47.) Specifically, Gibson states that his prison was "on lockdown" from "about late July until[] the end of August"; that because of his transfer, "none" of his legal materials were immediately issued to him by the prison's property officer; and that he did not have access to his legal materials until August 28, 2013. (*Id.* at 1-2.)

Even accepting Gibson's "Affidavit" as timely filed, these statements do not ameliorate the problems cited by the Magistrate Judge in any significant sense. It remains unclear whether Gibson is arguing that his prison transfer constituted "extraordinary circumstances" for equitable tolling purposes; to the extent that this is the case, the Court again finds no fault in the Magistrate Judge's analysis on this issue (*see* CV Doc. 12 at 7) and overrules the objection. Moreover, just as the Magistrate Judge observed in reviewing Gibson's motion (*see id.* at 9), it is still not clear whether Gibson attributes the delay in his receipt of his legal materials wholly to his prison transfer or to the institutional lockdown. Although Gibson is clear that he was unable to obtain a § 2255 form from the prison law library due to the lockdown, there is no indication that this alleged impediment violated any laws or regulations. (*Cf. id.* at 9-10 (citing *United States v. Gabaldon*, 522 F.3d 1121, 1125 (10th Cir. 2008); *Jones v. Taylor*, 484 F. App'x 241, 242-43 (10th Cir. 2012) (unpublished); *Pfiel v. Everett*, 9 F. App'x 973, 978 (10th Cir. 2001) (unpublished).) Finally, if anything, Gibson's argument is weakened by his concession that he received his legal materials several days before his statutory deadline for filing his habeas

motion. Having considered these issues de novo and in light of Gibson's most recent averments, the Court agrees with the Magistrate Judge that Gibson's circumstances are analogous to several unpublished Tenth Circuit cases where equitable tolling was not appropriate. (*Cf. id.* at 11-12 (citing, *e.g.*, *Phares v. Jones*, 470 F. App'x 718, 719 (10th Cir. 2012) (unpublished)).) Thus, to the extent that Gibson's "Affidavit" raises any objections, those objections are overruled.

IT IS THEREFORE ORDERED that:

1) the Magistrate Judge's Proposed Findings and Recommended Disposition (CV Doc. 12) are adopted by the Court;

2) the Defendant's § 2255 Motion (CV Doc. 3) is DENIED; and

3) this cause is dismissed with prejudice; and

4) a certificate of appealability is DENIED.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE